UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| RAUL MENDEZ,<br><br>    Plaintiff.<br><br>    v.<br><br>STATE OF IDAHO,<br><br>    Defendant. | Case No. 1:18-cv-00063-DCN<br><br>**MEMORANDUM DECISION AND ORDER** |

On February 8, 2018, Raul Mendez hand delivered a document entitled "Notice of Removal to 9th Circuit" (Dkt. 2) to the clerk's office for the United States District Court for the District of Idaho in Boise, Idaho. Mendez explained that he was "removing" a criminal matter that is currently pending before the Idaho Supreme Court.

After consulting with court personnel, the clerk filed the action as a civil case involving a violation of civil rights. Mendez indicated that he did not have funds to pay the filling fee and so the clerk instructed Mendez to fill out an application to proceed *in forma pauperis*, which he did. Dkt. 1. The Clerk of the Court then conditionally filed Mendez's materials. Dkt. 3.

Pursuant to 28 U.S.C. § 1915, this Court must now review Mendez's *in forma pauperis* complaint to determine whether it may proceed. Upon review, it appears that Mendez's filing is a quasi-removal and quasi appeal request. As explained below, neither is an appropriate avenue to address Mendez's grievances. Even construed liberally, Mendez's request is procedurally, factually, and statutorily improper.

MEMORANDUM DECISION AND ORDER - 1

Because Mendez meets the criteria to proceed *in forma pauperis* the Court will GRANT the same. However, because the relief Mendez's seeks is not available in this forum, the Court will REMAND this case to the Idaho Supreme Court. Also pending is Mendez's Motion for Pro Bono representation (Dkt. 5), which the Court DISMISSES as moot.

## I. *In Forma Pauperis* Request

### A. Standard

Pursuant to federal statute, "any court of the United States may authorize the commencement, prosecution or defense of any suit, action or proceeding, civil or criminal, . . . without prepayment of fees or security therefor." 28 U.S.C. § 1915(a)(1).

In order to qualify for *in forma pauperis* ("IFP") status, a plaintiff must submit an affidavit that includes a statement of all assets he possesses and that states he is unable to pay the fee required.

The affidavit is sufficient if it states that the plaintiff, because of poverty, cannot "pay or give security for the costs" and still be able to provide for himself and dependents the "necessities of life." *Adkins v. E.I. DuPont de Numours & Co.*, 335 U.S. 331, 339 (1948). The affidavit must "state the facts as to affiant's poverty with some particularity, definiteness and certainty." *United States v. McQuade*, 647 F.2d 938, 940 (9th Cir. 1981) (internal quotation marks omitted).

## B. Discussion

Mendez has stated under penalty of perjury that he "cannot prepay the filing fee in [his] case" as required by 28 U.S.C. § 1915(a)(1). *See* Dkt. 1, at 5. Mendez's application indicates that his has no monthly income, receives $192 in food stamps each month, and has $10 in ongoing expenses for utilities each month. It is unclear to the Court how this is possible, i.e. how Mendez does not have any other expenses. However, as Mendez has stated this under penalty of perjury, the Court does not question the calculation, but simply determines that Mendez does in fact qualify for IFP status and may file his case without prepayment of the requisite fees.

## II. Review of Complaint

### A. Standard

Once a complaint has been conditionally filed pursuant to 28 U.S.C. § 1915, the Court may conduct an initial review of the complaint. See 28 U.S.C. § 1915(e)(2). The Court must dismiss a complaint or any portion of it if it: (1) is frivolous or malicious; (2) fails to state a claim upon which relief can be granted; or (3) seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(B)(i-iii).

Because Mendez is proceeding pro se, his complaint must be liberally construed, and Mendez must be given the benefit of any doubt. *See Resnick v. Hayes*, 213 F.3d 443, 447 (9th Cir. 2000). Additionally, if the complaint can be saved by amendment, Mendez should be notified of the deficiencies and provided an opportunity to amend. *See Jackson v. Carey*, 353 F.3d 750, 758 (9th Cir. 2003). A dismissal without leave to amend is

improper unless it is beyond doubt that the complaint "could not be saved by any amendment." *Harris v. Amgen, Inc.*, 573 F.3d 728, 737 (9th Cir. 2009).

**B. Factual Allegations**

In this case, Mendez alleges that various government entities have violated, and are currently violating, his Due Process rights in a pending Idaho state court case.

The underlying facts are relevant only insofar as they describe the state court action and the timeline of how the case got to this point. The Court takes no position on the merits or truthfulness of the underlying facts.[1]

It appears that on or around November 2015, Mendez received a traffic ticket for an infraction: failing to provide proof of insurance. Mendez failed to appear, pay the fine, or otherwise take action regarding this ticket and after a review by a Magistrate Judge, the Clerk of the Ada County Court entered default against Mendez. As part of default, the Clerk informed Mendez that if he failed to pay the required fine, the Idaho Department of Transportation would suspend his license for one year.

It appears that Mendez appealed the Magistrate's default decision to the District Court in Ada County. However, the District Judge affirmed and remanded. Mendez's license was eventually suspended. Mendez appealed this suspension (and it appears the underlying District Court decision) to the Idaho Supreme Court. Mendez also filed a

---

[1] The Court is not questioning Mendez's integrity, but mentions this only because the account the Court has is brief and from Mendez's perspective. Additionally, the matter is still pending in the Idaho Supreme Court and this Court will not interject its thoughts or analysis on that case, except to the extent it pertains to this removal/appeal.

motion to stay the license suspension with the Ada County District Court, which the Court summarily denied. Mendez appealed this denial to the Idaho Supreme Court as well. The Idaho Supreme Court consolidated the two appeals (Idaho Supreme Court Case Nos. 45170 and 45695) into one criminal appeal. Currently the briefing schedule is underway on those matters before the Idaho Supreme Court.

Mendez now petitions this Court, on a removal/appeal basis, to intervene[2] in the Idaho Supreme Court proceedings because, as Mendez alleges, various constitutional violations have occurred in his original traffic stop and during the prosecution of his case at the District and Supreme Court levels.

## C. Discussion

### i. Removal

"Federal courts are courts of limited jurisdiction. . . . It is to be presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (internal citations omitted). "The 'strong presumption' against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) (per curiam).

---

[2] Specifically, Mendez asks for a stay in the Idaho Supreme Court proceedings pending disposition of this case in federal court. As outlined in this decision, this case is not an appropriate remedy for Mendez. None of the requested relief, including a stay, will be granted.

MEMORANDUM DECISION AND ORDER - 5

The Court also has a duty to "establish subject matter jurisdiction over the removed action sua sponte, whether the parties [have] raised the issue or not." *United Investors Life Ins. Co. v. Waddell & Reed, Inc.,* 360 F.3d 960, 967 (9th Cir. 2004) (citing *Feidt v. Owens Corning Fiberglas Corp.,* 153 F.3d 124, 128 (3d Cir. 1998)). "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c). Whenever a state-court criminal prosecution is removed, the Court must "examine the notice [of removal] promptly" upon its filing, and "[i]f it clearly appears on the face of the notice and any exhibits annexed thereto that removal should not be permitted, the court shall make an order for summary remand." 28 U.S.C. § 1455(b)(4).

The most frequent type of removal that this court sees is when a defendant in a civil lawsuit removes an action to federal court. *See* 28 U.S.C. § 1441 and 1442. A civil suit must meet certain criteria in order for a defendant to do this. *Id.* Mendez's state suit is not a civil case by classification; therefore, removal is not available under either of these statutory provisions. Additionally, even were this a civil case, it does not appear that Mendez's case meets the criteria which would allow him to remove his case from state to federal court.

When it comes to criminal proceedings, only under very narrow and limited circumstances can a defendant remove a state criminal case to federal court. For example, an officer of the United States, its courts, members of congress, or the military may remove a criminal case to federal court. 28 U.S.C. § 1442. Additionally, any criminal

defendant may remove a criminal prosecution to federal court if he seeks to—and, because of state law, cannot—assert a defense to the prosecution based on federal laws protecting equal civil rights. 28 U.S.C. § 1443. Both of these examples are very specific and Mendez has not alleged anything that would fall under either statute as outlined, nor does it appear that any would apply.

Finally, Mendez cannot cure these deficiencies by filing a second notice of removal stating additional grounds justifying removal. "A failure to state grounds that exist at the time of the filing of the notice shall constitute a waiver of such grounds, and a second notice may be filed only on grounds not existing at the time of the original notice." 28 U.S.C. § 1455(b)(2). Thus, even to the extent that Mendez could cure his defective notice of removal with additional arguments and authority,[3] he has now waived the opportunity to do so.

### ii. Appeal

Insofar as the Court construes Mendez's filing as an appeal, the Court notes three reasons why such is improper.

First, the District Court for the District of Idaho is not the proper place to file an appeal to the Ninth Circuit. The Ninth Circuit's headquarters are in San Francisco, California, and all filings take place there (either in person or electronically).

---

[3] It does not appear that any argument would be availing in light of the type of cases Mendez is trying to remove.

Second, a petitioner can only appeal final determinations or orders. To be a true appeal, the petitioner needs to have exhausted all available remedies through the appropriate legal or administrative system *and then* take that final determination to the Ninth Circuit for review. Here, Mendez's case is still pending before the Idaho Supreme Court. There is currently nothing to appeal.

Third and most important, the Court must put into context Mendez's research that indicates the Ninth Circuit reviews cases from state supreme courts. Although there are some very obscure areas of law in which the Supreme Court of the United States and federal circuit courts have original jurisdiction, most cases arrive at these court on appeal from United States district courts, or on appeal from state supreme courts involving federal habeas corpus petitions.

The Court does not know what cases Mendez has researched, but they are most likely habeas corpus cases in which a petitioner requests relief under federal civil rights laws.[4] Here, while an appeal is not possible in the first instance because Mendez's case is still pending, the Court notes that, as outlined above, it is very unlikely that habeas

---

[4] In his Memorandum in Support of his Notice of Removal (Dkt. 4), Mendez cites one case, *Brown v. Ohio,* 432 U.S. 161 (1977) for this proposition. Mendez is correct that the Defendant in that case brought suit against the State for violations of the Fifth and Fourteenth Amendments; however, for numerous reasons, that case is not similar to Mendez's circumstances. It would take longer than is prudent to explain all of these differences, but simply put, the *Brown* case involved federal constitutional violations and was appealed in the correct form and timeframe, which distinguishes it from the present action.

principles would even apply in this case as the underlying matter is an infraction that does not implicate jail and/or other criminal law principles that trigger the protections under habeas, or constitutional, review.[5]

Finally, if Mendez meant for this case to be an appeal directly to the District of Idaho, this too is not an available remedy for the same reasons explained above. The District of Idaho does not have jurisdiction to review Idaho Supreme Court cases as an appellate function.

For the myriad of reasons outlined above, whether the Court construes this filing as a removal or an appeal, it cannot survive. Fundamentally it is flawed. Amendment cannot remedy the deficiencies and, accordingly, the Court will not grant Mendez leave to amend.

## ORDER

1. Mendez's Application for leave to file *in forma pauperis* (Dkt. 1) is **GRANTED**.
2. For the reasons outlined above, this action is procedurally and statutorily barred. There is no basis for removal or appeal. This case is therefore REMANDED to the Idaho Supreme Court for further proceedings.

---

[5] By saying this, the Court does not intend to give legal advice to Mendez. This Court is extremely doubtful that any bases exists for an appeal—mostly because of the nature of underlying case—however, Mendez is welcome to retain private counsel and explore any legal options he believes he might have.

3. Because Mendez's Complaint does not survive initial screening, there is no need to address pro bono representation. This Motion (Dkt. 5) is DISMISSED AS MOOT.

4. The Court will enter a separate Judgment in accordance with Fed. R. Civ. P. 58.

DATED: February 21, 2018

_____
David C. Nye
U.S. District Court Judge